JOHNSON // BECKER PLLC

444 Cedar Street, Suite 1800
St. Paul, MN 55101
T (800) 279-6386  F (612) 436-1801
johnsonbecker.com

December 27, 2023

**VIA ECF**

United States Courthouse
Southern District of New York
500 Pearl Street
New York, New York 10007

Attn: Hon. Jennifer L. Rochon

**Re:**   *Willie Chapa v. Sensio, Inc.*
Case No. 1:22-cv-10554

The request for a discovery conference is GRANTED.  IT IS HEREBY ORDERED that the parties shall appear for a video conference, via Microsoft Teams, on **January 5, 2024 at 10:00 a.m.** Counsel will receive login credentials at the email addresses on the docket. The public listen-only line may be accessed by dialing Toll-Free Number: 877-336-1831 | Access Code: 5583342

Dated:  December 28, 2023
        New York, New York

Dear Judge Rochon,

Please allow this letter to serve as Plaintiff's SDNY Local Civil Rule 37.2 request for an informal discovery conference. Plaintiff has engaged in multiple, good faith meet in confer attempts with Defendant's counsel since *at least* August 2023, and has exhausted all available options. Plaintiff has no choice but to respectfully request the Court's assistance in compelling Defendant to (1) answer the outstanding discovery **pending since May 22, 2023**[1]; and (2) provide full and complete responses to its Initial Disclosures and recently served Responses for Requests for Admissions.

By way of brief background, Plaintiff served his First Sets of Discovery Requests (Requests for Admission, Production and Interrogatories) on May 22, 2023 – **over 7 months ago** – and has yet to receive **any**[2] responses to his Interrogatories or Requests for Production of Documents. On Friday, Decmeber 22nd at roughly 5 pm, Defendant finally served responses to Plaintiff's Requests for Admissions. Those responses were defeicent[3] in many respects, and were comprised of almost

---

[1] The same is true regarding the related case of *Justin Douglas v. Sensio, Inc*. Case No. 1:22-cv-08711 pending before the Honorable Edgardo Ramos. Accordingly, Plaintiff is filing a substantially similar letter in that matter.

[2] Based upon Defendant's deficient responses in the related of matter of *Edith Lopez v. Sensio, Inc*. 22-cv-02888-KSH-AME (District of New Jersey), Plaintiff anticipates needing further assistance from the Court once discovery responses are finally served. Plaintiff reserves the right to address those issues once Defendant complies with its discovery obligations.

[3] Upon receipt of these responses, Plaintiff's counsel sent a 'meet and confer' email that same day, asking that Defendant supplement these responses by the close of business December 28th.

solely boilerplate objections. A copy of those responses are attached as Exhibit A for the Court's reference Plaintiff's primary issues with those reponses are as follows:

- The objections regarding vague, ambiguous, overly broad, unduly burdensome are misplaced and improper. See, e.g. *Liguria Foods, Inc. v. Griffith Laboratories, Inc.*, 320 F.R.D. 168, 185 (N.D. Iowa 2017) ("In other words, merely assert[ing] boilerplate objections that the discovery sought is vague, ambiguous, overbroad, unduly burdensome, etc.... without specifying how each [interrogatory or] request for production is deficient and without articulating the particular harm that would accrue if [the responding party] were required to respond to [the proponent's] discovery requests simply is not enough.")(citations and internal quotes omitted);" The model types and safety features are all clearly stated in accordance with Sensio's own terminology, and the "lid removal burn hazard" is concisely defined in Plaintiff's Requests for Admission.

- The relevance objections are also misplaced. These requests seek to resolve an issue that would otherwise have to be litigated in motions *in limine* or at trial: specifically, the substantial similarity of Sensio's pressure cookers with respect to the burn injury hazard at issue in this lawsuit. Resolution of this issue is central to Plaintiff's ability to obtain and use the many Sensio OSIs that involve other substantially similar pressure cooker models as evidence at trial. The fact that Sensio has worked so hard to ignore the case law on OSIs and to improperly withhold OSIs from discovery demonstrates that these requests could not be more relevant.

- Sensio has not complied with Rule 36(a)(4)'s requirement that "If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it."

- Sensio also has not complied with the Rule 36(a)(4) requirement that "The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." Based on prior, pre-recall productions, Sensio has ready access to the information it needs to respond to these requests fully and accurately.

- Because Sensio failed to provide *any* responses to our Interrogatories (asking for the factual basis for every failure to admit) or Requests for Production (asking for the documents supporting every failure to admit), Plaintiff has none of the necessary OSI information, and we have no choice but to seek the Court's assistance.

It is my understanding the Defendant's counsel out of the office for the Holidays. As such, she has asked me to convey to Court that "we discussed possibly resolving these matter absent the need for formal mediation upon completion of the IMEs and evaluating the cases" and that she is avaialbe for further meet and confers "the first week in January." Plaintiff notes Ms. Maragolis is

---

Plaintiff's counsel has not heard from Defendant in this regard and assumes no supplemental response will be forthcoming.

at a large firm, with multiple partners that she is working with on these matters, and who are more than capabale of steping in in her stead. Plaintiff also notes that "possibly resolving" cases does not negate Defendant's discovery obligations; nor does it provide any assurance that this case will resolve.

Plaintiff respectfully submits that he has more than fullfilled his obligations under SDNY Local Civil Rule 37.2, and that additional meet and confers at this point are futile. As such, Plaintiff requests that Court hold a discovery conference so that Defendant may explain to Plaintiff's counsel and this Court why it is not fulfilling its discovery obligations.

Thank you for your time and attention to this matter.

**JOHNSON BECKER, PLLC**

Adam J. Kress, Esq.
Admitted *Pro Hac Vice*
(612) 436-1908
akress@johnsonbecker.com