UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | | |
|---|---|---|
| WILLIE CHAPA, | : | |
| | | **Civil Action No.: 1:22-cv-10554** |
| Plaintiff, | : | |
| - against - | | |
| | : | **[PROPOSED]** |
| | | **ORDER REGARDING** |
| SENSIO, INC., | : | **DISCOVERY OF** |
| | | **ELECTRONICALLY STORED** |
| Defendant. | : | **INFORMATION** |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

The Court hereby enters the following order for production of electronically stored information ("ESI Order").

**I.  PURPOSE**

This Order supplements the provisions of Rules 26 and 34 concerning discovery of electronically stored information ("ESI"), Local Rules, and any other applicable orders and rules. This Order does not displace Rules 26 or 34 or diminish a party's obligations to search for, collect, and produce discoverable information that is kept in the ordinary course as ESI.

**II.  COOPERATION**

The parties are aware of the importance the Court places on cooperation and commit to cooperate in good faith consistent with this ESI Order.

**I.  Definitions**

As used herein, the following terms shall have the following definitions:

A.  ESI means electronically stored information or data that is generated, received, processed, and recorded by computers and other electronic devices, and includes, without

1

limitation, system metadata (e.g., author, recipient, file creation date, file modification date, etc.) and user-generated metadata (e.g., spreadsheet formulas, etc.). ESI further includes, without limitation, the following: (i) output resulting from the use of any software program, such as word processing documents, spreadsheets, database files, charts, graphs, and outlines, (ii) electronic mail, (iii) message logs from Google Chat, AOL Instant Messenger, Facebook, Twitter, Slack, WhatsApp, and similar programs, (iv) audio and video files, (v) internal (intranet) or external websites and (vi) activity listings of electronic mail receipts and/or transmittals. ESI includes electronic information or data wherever it resides, including, without limitation, (i) in an active file on a computer network or individual computer hard drive, (ii) in a deleted file or file fragment, (iii) on backup/storage media, (iv) on removable media, such as a floppy disk, memory stick, portable hard drive, or zip drive and (v) on a smart phone or personal digital assistant. ESI also includes Documents, containers, and labels appended to or concerning any physical storage device associated with responsive electronic information or data.

   B. The term "Documents" is defined as in Federal Rule of Civil Procedure 34(a) and in Local Rule 26.3(c)(2) of the United States District Court for the Southern District of New York.

   C. The term "Document Family" means a collection of pages or files maintained together constituting a logical single communication of information, but consisting of more than a single stand-alone record. Examples include a fax cover sheet, the faxed letter, and an attachment to the letter - the fax cover sheet being the "Parent," and the letter and attachment being a "Child," or an email and associated attachments, or a presentation with embedded files. The Parties will take reasonable steps to preserve parent-child relationships in ESI and hard copy Documents already in existence from the ordinary course of business.

D. The term "E-mail" means a digital message sent between one or more parties over the.

E. The terms "ESI" and "Document(s)" are used interchangeably throughout this Protocol and, to the fullest extent possible.

F. The term "Extracted text" or "Full Text" means the text extracted from a native Document, and includes all header, footer and Document body information when available. A "Text File" is a file containing the full text of native files extracted directly from the native file, or, in the case of hard copy Documents or scanned PDF Documents, subject to OCR, a file containing the text resulting from the OCR.

G. The term "Hard Copy Discovery" means any document or thing discoverable under Fed. R. Civ. P. 34 that cannot be characterized as ESI.

H. The term "Litigation" means the case captioned above.

I. The term "Load file" means an electronic file that relates to a set of scanned images or electronically processed files, and that indicates where individual pages or files belong together as Documents, to include attachments, and where each Document begins and ends, and may contain data relevant to the individual Documents such as selected metadata, coded data, and extracted text. A load file is used to import all image, native, and text files and their corresponding production information into a Document database.

J. The term "Metadata" means: (i) structural information embedded in a file that is not ordinarily viewable or printable from the application that generated, edited, or modified such file; (ii) information generated automatically by the operation of a computer or other information technology system when a file is created, modified, transmitted, deleted or otherwise manipulated

by a user of such system; and (iii) production process fields created in the course of producing Documents.

K. The term "Native Format" means the underlying file(s) containing the ESI at issue in the file system in which such ESI was originally created, viewed and/or modified.

L. The term "OCR" means the optical character recognition file which is created by a technology process that captures text-from an image for the purpose of creating a parallel text file that can be associated with the image and is searchable.

M. The term "Party" means any person, business organization, or legal entity that is a named plaintiff or defendant in this Litigation.

N. The term "Responsive Document" means any document, excluding source code, that is responsive to any document requests served on the Producing Party in the Litigation that the Producing Party has agreed to produce or that the Producing Party has been ordered to produce by the Court.

O. The term "Requesting Party" means the Party requesting the production of Documents.

P. The term "Producing Party" means the Party that may be producing Documents in response to the request of the Requesting Party.

Q. The term "Tagged Image File Format" or "TIFF" refers to the CCITT Group IV graphic file format for storing bit-mapped images, with multiple compression formats and resolutions.

R. The term "Unitization" means the assembly of individual scanned pages or electronically processed files into Documents and indicates where individual pages or files belong together as Documents, including attachments, and where each Document begins and ends.

## II. PRODUCTION FORMATS AND METADATA PROTOCOLS

A. **General.** In general, responsive documents originally collected as ESI will be processed to extract metadata and text and converted to TIFF format using Group 4 compression with at least 300 dots per inch ("dpi") resolution. They will be produced with corresponding TXT files that contain a given document's underlying text, extracted via processing or through Optical Character Recognition ("OCR") if no text can be extracted. Documents that are difficult to render in TIFF because of technical issues, or any other documents that are impracticable to render in TIFF format, may be produced in their native format with a placeholder TIFF image stating "Document Produced Natively," unless such documents contain redactions, in which case the documents will be produced in TIFF format. A Producing Party retains the option to produce ESI in alternative formats if so agreed by the requesting Party, which may include native format, or a combination of native and TIFF formats. Images may be reduced by a reasonable amount to allow for a dedicated space for page numbering and other endorsements of documents. Images may be in black and white, unless color is necessary to understand the meaning of the document. All documents produced pursuant to this paragraph shall be produced with its extracted/OCR text in a document level TXT file that is named with the same Bates-number as the corresponding TIFF image of the first page (*e.g.*, a single page document bearing a Bates-number ending in 002356 shall result in two files for production: Bates-002356.tiff and Bates-002356.txt). When e-mail files are produced pursuant to this paragraph, the e-mails shall be printed to TIFF such that the headers are displayed (*i.e.*, To, From, Subject, Date, and any Attachments shall be displayed at the top of each e-mail). The Producing Party shall also produce a load file for e-discovery in Concordance format.

**B.     Exceptions.** Exceptions include files such as Microsoft Excel files, audio files, video files, and database files that may be produced in native format. PowerPoint slides will be produced in TIFF format, except where dynamic content requires production in native format. To the extent that print-outs or images of all or part of a spreadsheet were also maintained in static form (*e.g.*, as a PDF attachment), those documents will be produced as static images. Documents containing redactions shall be produced in TIFF format. All other file types shall be produced in TIFF format unless otherwise agreed upon. Documents produced in native format will be accompanied by a slip sheet containing information such as the Bates-numbering for the document page and confidentiality designations. To the extent such documents are used in discovery or at trial, or are otherwise disclosed to third parties, the accompanying slip sheet must be maintained with and precede the natively produced document at all times. If particular documents warrant a different format, the Parties will cooperate regarding the mutually acceptable production of such documents in an alternative format.

**C.     Culling of ESI**

1.     Deduplication. A Party is only required to produce a single copy of a responsive document or family of documents. The Parties shall make reasonable efforts to globally deduplicate across the processed data set, stand-alone documents against one another and email against entire families. Deduplication will be accomplished using hash values (*e.g.*, MD5 or SHA-1 algorithms). All email and attachment family relationships will be preserved. As a result, a document will not be considered duplicative if it appears in different document families, and/or contains any additional text, recipients or markings such that it is not identical in its entirety.

2.     Email Threading. The Parties may use email thread suppression, but under no circumstances will email thread suppression remove from a production any unique branches and/or

attachments contained within an email thread. For the avoidance of doubt, all attachments to any responsive email shall be produced.

   3.  System Files. Common system and program files as defined by the NIST Library (which is commonly used by discovery vendors to exclude system and program files from document review) need not be processed, reviewed, or produced.

   **D.**  **Bates-Numbering.** Files will be named according to the Bates-number of the corresponding production images. The Bates-number will (i) employ a consistent Bates prefix across the Producing Party's entire production; and (ii) be numerically sequential within a given document. Attachments to documents will be assigned Bates-numbers that directly follow the Bates-numbers on the documents to which they were attached. If a Bates-number or set of Bates-numbers is skipped, the skipped number or set of numbers will be noted.  If a member of a Document family that has otherwise been determined to be responsive cannot be technically processed (e.g., unsupported file format, file corruption, inaccessible password-protected Document), those technical problems shall be identified and disclosed to the requesting Party by production of a Bates-labeled slip sheet that states "Technical issue—file cannot be processed" or otherwise indicates on its face that a processing error has occurred; the associated metadata for the file with the technical problem shall be produced if reasonably possible. A Requesting Party thereafter may raise with the Producing Party any questions or concerns, and the Parties shall meet and confer to attempt to resolve any issues.

   **E.**  **Metadata.** Contemporaneous with any production, the Producing Party shall produce a load file containing the available metadata fields identified in Appendix 1 to this ESI Order.  The Parties shall meet and confer should production of certain metadata fields not be possible due to undue burden or cost.

### III.     ELECTRONICALLY STORED INFORMATION

**A. ESI of Limited Accessibility.** If a Producing Party contends that any responsive ESI is not reasonably accessible within the meaning of Fed. R. Civ. P. 34, that Party shall, within 14 days of its discovery, identify such ESI with reasonable particularity and shall provide the Receiving Party with the basis for declining to produce such ESI, including but not limited to information about the nature of any limitations on access, the method used for storage of such ESI (*e.g.*, the type of system used to store the ESI), and the places in which such ESI is kept. Some documents may be password-protected or otherwise encrypted in a manner that does not easily permit decryption.  The parties shall negotiate in good faith concerning the production of any such ESI while recognizing the proportionality regarding the potential undue burdens or costs associated with production of such ESI.

**B.     Sources, Custodians, and Methods of Searching for ESI**

1.    The parties have conferred and agree each party is best situated to determine the most appropriate method or methods for that party to search, collect, cull, and produce Documents responsive to discovery.

2.    Custodians:  The parties shall meet and confer regarding the number and identity of custodians from whom ESI will be collected.

3.    Search Terms: The parties shall meet and confer regarding search terms.

4.    All Parties shall make a reasonable search for reasonably accessible discoverable information in ESI systems, removable media, and cloud-based accounts including social media and hard copy paper Documents.

5.    Each Party shall perform reasonably diligent searches of the sources within their custody or control to collect responsive and reasonably accessible ESI.

6.      Reasonably diligent searches may require running search terms agreed upon by the Parties; reviewing files, communications, videos, and photographs; or otherwise conducting an actual, physical search of the sources. Parties shall produce responsive ESI in a manner that includes and preserves metadata.  If a Party contends that the production of materials sought from one or more sources are outside the scope of Fed. R. Civ. P. 34, the Parties shall meet and confer to attempt to resolve the issue. Nothing in this Protocol shall prevent a Party from seeking the Court's intervention with respect to any such issue if the Parties are unable to resolve it themselves or from preventing any other Party from opposing any relief sought.

7.      The Parties will confer regarding, search terms, date restrictions, and custodian restrictions. Before implementing any search based on key word search terms, the Producing Party will provide a list of proposed search terms to the Receiving Party (i.e., the Party requesting or receiving Documents) and the Parties will discuss those terms and any additional terms, or other requested changes, proposed by the Receiving Party.

IV.     **PRIVILEGE LOG AND TREATMENT OF PRIVILEGED MATERIALS**

A.      **Privilege Log.** Consistent with Fed. R. Civ. P. 34(b)(2)(C), a Producing Party withholding or redacting any responsive document on the grounds of attorney-client privilege, work product, or any other applicable privilege shall provide to the receiving party a privilege log.

B.      **Protocols for Logging Email Chains**.  A party shall only be required to include one entry on a privilege log for an email chain (*i.e.*, a series of emails linked together by email responses and forwarding) that is withheld or redacted on the grounds of privilege or any similar claim shall be logged as one document and shall be identified by the top-most email in the chain that is withheld or redacted. The parties shall not be required to log identical copies of an email that is included in a chain that has been logged in accordance with this Paragraph.).

9

C. **Protocols for Partially Privileged or Protected Documents**. If only a portion of a Responsive Document, including, without limitation, email, is claimed to be privileged or protected, the Producing Party shall furnish a redacted version of the Responsive Document, removing only the part(s) thereof claimed to be privileged or protected from disclosure. If portions of documents are redacted for privilege or for any other reason, the Producing Party shall mark every page or significant component that contains privileged or redacted information "Redacted."

D. **Contesting Claim of Privilege or Work-Product Protection.** Nothing in this ESI Order shall limit the Receiving Party's right to challenge (on grounds unrelated to the fact or circumstances of the disclosure) the Producing Party's claim that Protected Information is protected from disclosure by the attorney-client privilege, work-product doctrine, or any other applicable privilege. If, after undertaking an appropriate meet-and-confer process, the Parties are unable to resolve any dispute they have concerning the protection of documents for which a claim of disclosure has been asserted, the Receiving Party may file the appropriate motion or application as provided by the Court's procedures to compel production of such material. Any Protected Information submitted to the Court in connection with a challenge to the Producing Party's claim of attorney-client privilege, work-product protection, or any other applicable privilege shall not be filed in the public record, but rather shall be redacted, filed under seal, or submitted for *in camera* review.

E. **Privileged Documents**

1. Pursuant to Federal Rule of Evidence 502(d), the production of a privileged or work-product-protected document, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. For example, the mere production of privileged or work-product-protected documents in this case as part of a mass production is not itself a waiver in this case or in any other federal or state proceeding.

2. The mere production of ESI in litigation as part of a mass production shall not itself constitute a waiver for any purpose.

3. The parties agree that, in the process of reviewing documents produced by other parties, if the reviewing party comes upon a document that reasonably appears to be subject to a privilege under F.R.E. 502 but was inadvertently produced without such a confidentiality designation, the reviewing party will cease its review and contact the producing party to inform them that said document was produced.

4. Attorney-client communications and attorney work product that post-date the filing of the complaint need not be placed on a privilege log. Such communications and work product may be identified on a privilege log by category, rather than individually.

## V. MODIFICATION.

A. This Stipulated Order may be modified by a Stipulated Order of the parties or by the Court for good cause shown.

DATED: February 16, 2024
       New York, New York

SO ORDERED

_____
ROBYN F. TARNOFSKY
UNITED STATES MAGISTRATE JUDGE

293236746v.1

## Appendix 1: ESI Metadata and Coding Fields

| Field Name[1] | Populated For (Email, Edoc, Calendar, Contact, Cellphone, or All) | Field Description |
|---|---|---|
| BegBates | All | Control Numbers. |
| EndBates | All | Control Numbers. |
| BegAttach | All | Control Numbers (First production Bates number of the first document of the family). |
| EndAttach | All | Control Numbers (Last production Bates number of the last document of the family). |
| Custodian | All | Custodian name (ex. John Doe). |
| CustodianOther or CustodianAll | All | All custodians who were in possession of a de-duplicated document besides the individual identified in the "Custodian" field. |
| LogicalPath | All ESI Items | The director structure of the original file(s). Any container name is included in the path. |
| Hash Value | All | The MD5 or SHA-1 hash value. |
| NativeFile | All | Native File Link |
| Email Thread ID | Email | Unique identification number that permits threading of email conversations. For instance, unique MS Outlook identification number ("PR_CONVERSATION_INDEX") is 22 bytes in length, followed by zero or more child blocks each 5 bytes in length, that facilitates use of email threading |
| Thread Index | Email | Message header identifier, distinct from "PR_ Conversation_ Index", that permits threading of email chains in review software. |
| Email Subject | Email | Subject line of email. |
| Date Sent | Email | Date email was sent. |
| Date Mod | Email, Edoc | Date the document was modified. |
| Time Sent | Email | Time email was sent. |
| Time Zone Used | All | Time zone used to process data during document collection and processing. |
| Receive Time | Email | Time email was received. |
| To | Email | All recipients that were included on the "To" line of the email. |
| From | Email | The name and email address of the sender of the email. |
| CC | Email | All recipients that were included on the "CC" line of the email. |

---

[1] Field Names can vary from system to system and even between different versions of systems. Thus, the Parties are to be guided by these Field Names and Descriptions when identifying the metadata fields to be produced for a given document pursuant to this ESI Order.

293236746v.1

| Field Name[1] | Populated For (Email, Edoc, Calendar, Contact, Cellphone, or All) | Field Description |
|---|---|---|
| BCC | Email | All recipients that were included on the "BCC" line of the email. |
| Date Created | Edoc | Date the document was created. |
| File Name | Email, Edoc | File name of the edoc or email. |
| Title | Edoc | Any value populated in the Title field of the document properties. |
| Subject | Edoc | Any value populated in the Subject field of the document properties. |
| Author | Edoc | Any value populated in the Author field of the document properties. |
| DocExt | All | File extension of the document. |
| TextPath | All | Relative path to the document level text file. |
| Redacted | All | "X," "Y," "Yes," and "True" are all acceptable indicators that the document is redacted. Otherwise, blank. |
| Paper | All | "Y" if document is scanned from hard copy in connection with the collection and production of documents in this matter. |
| Confidentiality | All | Indicates if document has been designated as "Confidential" or "Confidential Information-Subject To Court Order" under the Protective Order. |
| Parent ID or ParentBates | All | The Begin Bates number of the parent document in the relational group. |

293236746v.1